IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 19-CV-01991-PAB-SKC

LESLIE SUSAN DALE,

    Plaintiff,

v.

COUNTRY PREFERRED INSURANCE COMPANY,

    Defendant.

---

## MINUTE ORDER RE: DISCOVERY DISPUTE

---

    This Minute Order addresses the discovery dispute briefed by the Parties at Docket Entries #19 and #20. The parties raised this discovery dispute at the Rule 16(b) Scheduling Conference. [*See* #17.] The Court ordered the parties to brief the issue pursuant to section E.3 of its Practice Standards. It has reviewed the briefs and applicable law. No hearing is necessary. For the following reasons, the Court finds that reserves and settlement authority are discoverable in this first-party bad faith case, and Defendants should provide Plaintiff with un-redacted reserve and settlement authority figures.

    The scope of discovery in federal court is broad. Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* While Rule 26 permits discovery regarding any nonprivileged matter that is relevant to a party's claim or defense, the proportional needs of the case serve as guardrails for reasonably tailoring the scope of discovery. *Id.* Further, the Court may limit the scope of discovery to protect a party from undue burden or expense. Fed. R. Civ. P. 26(c)(1).

    The weight of authority in this district, to include the Colorado Supreme Court, has found that reserve, settlement authority, and the liability and fault evaluations underlying

1

those figures, is discoverable in first-party insurance cases alleging bad faith. *Seaborn v. American Family Mut. Inc. Co.*, 862 F. Supp.2d 1149, 1158 (D. Colo. 2012) ("Therefore, the court finds that evidence of reserves and settlement authority, or other 'values' applied to the claim in monetary terms, are discoverable in a case like this and Defendants may not redact such information from the claims and legal files produced pursuant to this Order."); *Turner v. State Farm Mut. Auto. Ins. Co.*, No. 09-cv-01926-CMA-KLM, 2010 WL 3239270, at *4 n.4 (D. Colo. Aug. 12, 2010) ("In *Silva*, the Colorado Supreme Court found that evidence of an insurance company's reserves and settlement authority is not discoverable in a third-party action against an insurance company. [ ] The present case is a first-party action against an insurance company and, therefore, this information is likely discoverable.") (internal citations omitted); *Bishelli v. State Farm Mut. Auto. Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2008 WL 280850, at *3 (D. Colo. Jan. 31, 2008) ("[T]he Court concludes that Defendant should produce its level of reserves set aside for this incident."); *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649, 657-58 (Colo. 2012) (acknowledging that reserves, settlement authority, and liability assessments and fault evaluations underlying those figures, might be discoverable in first-party actions alleging bad faith); *Silva v. Basin Western, Inc.*, 47 P.3d 1184, 1193 (Colo. 2002) (noting the scope of discovery has been traditionally broader in first-party disputes and stating: "In a first-party claim, the establishment of reserves and settlement authority could be relevant and reasonably calculated to lead to admissible evidence regarding whether the insurance company adjusted a claim in good faith or made a prompt investigation, assessment, or settlement of a claim.").

The Court sees no reason to stray from this authority. Plaintiff has brought a first-party claim against his insured (the Defendant) alleging bad faith and unreasonable delay and denial of his claim. Defendant's reserve, settlement authority, and the liability assessments and fault evaluations underlying those figures, is relevant for the reasons articulated in the above string of cases. It is also proportional to the needs of this case. Defendants shall provide un-redacted reserve and settlement authority figures, to include un-redacted liability assessments and fault evaluations underlying those figures, and produce the same to Plaintiff by February 26, 2020.

DATED: February 24, 2020.