IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01991-PAB-SKC

LESLIE SUSAN DALE

    Plaintiff,

v.

COUNTRY PREFERRED INSURANCE COMPANY,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on defendant's Motion to Exclude Testimony of Jeremy Sitcoff [Docket No. 36]. This case involves the alleged bad faith and denial of underinsured motorist benefits under an insurance policy defendant issued to plaintiff. *See generally* Docket No. 7. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**I. BACKGROUND**

On December 2, 2015, plaintiff was involved in an accident involving a negligent driver. *See* Docket No. 7 at 2, ¶ 7. While the at-fault driver had liability insurance, his policy limits were insufficient to compensate plaintiff for the injuries she sustained. *See id.*, ¶ 10. At the time of her accident, plaintiff had an automobile insurance policy with defendant. *See id.*, ¶ 4. Because the at-fault driver's policy was insufficient to compensate plaintiff, plaintiff notified defendant that she would be seeking an under-insured motorist claim. *See id.* at 3, ¶ 14. After plaintiff failed to secure the policy limits from defendant, plaintiff filed suit in Boulder County District Court. *See* Docket No. 7.

Plaintiff brings three claims: (1) underinsured motorist benefits; (2) unreasonable delay or denial pursuant to Colo. Rev. Stat. §§ 10-3-1115, 1116; and (3) common law insurance bad faith. *See id.* at 6-10. On July 10, 2019, defendant removed the case to federal court. *See* Docket No. 1. On July 24, 2020, defendant filed the present motion to exclude plaintiff's insurance expert, Jeremy Sitcoff. *See* Docket No. 36.

## II. LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. As the rule makes clear, while required, it is not sufficient that an expert be qualified based upon knowledge, skill, experience, training, or education to give opinions in a particular subject area. Rather, the Court must "perform[] a two-step analysis." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). After determining whether the expert is qualified, the proffered opinions must be assessed for reliability. *See id.*; Fed. R. Evid. 702 (requiring that the testimony be "based on sufficient facts or data," be the "product of reliable principles and methods," and reflect a reliable application of "the principles and methods to the facts of the case").

In ruling on a Rule 702 motion, the district court has a "gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant,

but reliable.'" *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). To perform that function, a court must "assess the reasoning and methodology underlying the expert's opinion, and determine whether it is both scientifically valid and applicable to a particular set of facts." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (citing *Daubert*, 509 U.S. at 592-93). Where an expert witness relies on experience, the expert "'must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *United States v. Medina-Copete*, 757 F.3d 1092, 1104 (10th Cir. 2014) (quoting Fed. R. Evid. 702, advisory committee notes). When examining an expert's method, however, the inquiry should not be aimed at the "exhaustive search for cosmic understanding but for the particularized resolution of legal disputes." *Daubert*, 509 U.S. at 597. It is the specific relationship between an expert's method, the proffered conclusions, and the particular factual circumstances of the dispute that renders testimony both reliable and relevant.

### III.  ANALYSIS

Defendant moves to preclude Jeremy Sitcoff, an attorney, "from testifying at trial." Docket No. 36 at 1. Defendant's primary objection is that Mr. Sitcoff's opinions "are merely statements of law that invade the province of the court on instructing the jury or conclusory statements reserved for the finder of fact." *Id.* at 2. Plaintiff responds that insurance industry experts are allowed to discuss the law because it is not within a juror's common knowledge. *See* Docket No. 38 at 9.

As an initial matter, defendant's motion fails to comply with the Court's Practice Standards, which state that a Rule 702 motion "shall identify with specificity each **opinion** the moving party seeks to exclude." Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.G.  While defendant provides examples of opinions of Mr. Sitcoff that it wishes to exclude, it nevertheless make a generalized challenge and seeks to preclude Mr.Sitcoff from testifying at all during the trial.  The Court is unable to rule that Mr. Sitcoff's opinions should be excluded in their entirety because defendant has not demonstrated that each of Mr. Sitcoff's opinions in his report should be excluded.  Therefore, the Court will construe defendant's motion as a challenge to those opinions of Mr. Sitcoff that the motion reasonably identifies.  *See, e.g.*, Docket No. 36 at 5.

In insurance bad faith cases, expert witnesses are permitted to testify about relevant legal standards.  "[A]n expert's testimony is not *per se* inadmissible simply because it requires discussion of the law." *See Amica Life Ins. Co. v. Wetz*, No. 15-cv-1161-WJM-CBS, 2017 WL 897839, at *3 (D. Colo. Mar. 7, 2017).  "[A] witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988).  Such testimony "is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function.  However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed." *Id.* at 809-10.  Testimony that "articulates the ultimate

principles of law governing the deliberations of the jury" is inadmissible.  *Id.* at 808.  While an expert may refer to the law in expressing his or her opinion, the expert "may not state legal conclusions drawn by applying the law to facts."  *A.E. ex rel. Evans v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991) (citations omitted).

   Mr. Sitcoff is an expert on insurance industry standards.  Docket No. 36-1 at 1-2.  Defendant does not challenge his qualifications.  *See generally* Docket No. 36.  Therefore, he may testify as to insurance industry standards codified in Colorado and ones that are generally accepted within the Colorado insurance industry, to the extent that he does not knowingly contradict a pretrial ruling in this case by the Court.  *See O'Sullivan v. Geico Cas. Co.*, 233 F. Supp. 3d 917, 928 (D. Colo. 2017) (permitting an insurance expert to offer his opinions on relevant industry standards, but not permitting the expert to opine on whether the insurance company met any legal standard).

   Defendant challenges the following five statements of Mr. Sitcoff: (1) "[i]ndustry standards require that an insurer be at all times actuated by good faith and fair dealing"; (2)"[t]he duty of good faith and fair dealing is broad and touches upon every aspect of the insured-insurer relationship"; (3) the duty of good faith requires that "an insurer treat its insured fairly and honestly and that it do nothing to hinder its insured's interests"; (4) "[t]he duty of good faith and fair dealing is non-delegable, it applies to acts of an insurer's employees, and it continues through the life of the claim and into litigation"; and (5) "[a]n insurer's most fundamental duty is the duty to investigate claims because without a reasonable, proper, and timely investigation the insurance policy benefits cannot be paid in a reasonable and timely manner."  *See* Docket No. 36 at 5.

Defendant argues that, "[a]lthough the statements are couched in terms of 'industry standards,' they are [] statements of law." *Id.*

The Court finds that these statements are proper opinions based on industry standards. An insurance industry expert is permitted to testify regarding insurance industry standards and, additionally, that a defendant's conduct did not conform with those standards. *See Sands v. Integon Nat'l Ins. Co.*, No. 18-cv-00714-PAB-NYW, 2020 WL 7027442, at *4 (D. Colo. Nov. 30, 2020). What an expert may not do is apply legal standards derived from caselaw or statutes to state an opinion that defendant's conduct actually violated any legal standard. *See id.* An expert is not permitted to "state legal conclusions drawn by applying the law to facts," *A.E. ex rel. Evans*, 936 F.2d at 476, because "such ultimate conclusions would not be helpful to the jury and would improperly intrude on its fact-finding function." *O'Sullivan*, 233 F. Supp. 3d at 929.

Neither Mr. Sitcoff's report nor in the challenged opinions state a legal conclusion regarding defendant's allegedly unreasonable or unlawful behavior. Rather, he reviews industry standards. *See* Docket No. 36-1 at 8-15. Therefore, Mr. Sitcoff may discuss these industry standards and compare those standards to specific, factual instances of defendant's actions and compare those specific instances to industry standards he identifies. *See O'Sullivan*, 233 F. Supp. 3d at 928 (ruling that expert could offer opinions whether defendant's conduct "differed, in factual terms, from the practices of other insurers" or from "relevant industry practices and standards," but could not opine about whether defendant's conduct "was unlawful or 'egregious'"); *see also Houston*

6

*Speciality Ins. Co. v. Vaughn*, 2017 WL 11415011, at *3 (M.D. Fla. Apr. 13, 2017) (permitting an insurance expert to (1) "explain[] what she knows of insurance industry standards, (2) "explain[] the facts and evidence she reviewed in the case," and (3) "opin[e] on the ways she believes [the insurer's] conduct fell short of" those standards). What Mr. Sitcoff may not do is offer a cumulative summary of defendant's actions to opine that defendant's conduct either failed to meet all of the relevant industry standards, and therefore its conduct was unreasonable according to those standards, or was unreasonable as a matter of law.  See *O'Sullivan*, 233 F. Supp. 3d at 929.

## IV. CONCLUSION

Wherefore, it is

**ORDERED** that defendant's Motion to Exclude Testimony of Jeremy Sitcoff [Docket No. 36] is **DENIED**.

DATED March 29, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

7