IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 19-cv-01991-PAB-SKC

LESLIE SUSAN DALE,

    Plaintiff,

v.

COUNTRY PREFERRED INSURANCE COMPANY,

    Defendant.

---

**ORDER RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE INSURANCE STANDARD OF CARE EXPERT INAPPROPRIATELY AND UNTIMELY FILED AS A REBUTTAL EXPERT [#46]**

---

This Order addresses Plaintiff's Motion to Strike Defendant's Affirmative Insurance Standard of Care Expert Inappropriately and Untimely Filed as a Rebuttal Expert. [#46.][1] Chief Judge Brimmer referred the Motion to the magistrate judge. [#47.] The Court has reviewed the Motion and related briefing.[2] No hearing is necessary. For the reasons stated here, the Court DENIES the Motion.

### A.    BACKGROUND

This case concerns a claim for underinsured-motorist ("UIM") benefits for a car accident occurring on December 2, 2015, where Plaintiff sustained a host of injuries.

---

[1] The Court uses" [#__]" to refer to entries in the CM/ECF Court filing system.
[2] Plaintiff did not file a reply.

1

[#46, pp.1-2.] Plaintiff settled with the underlying tortfeasor; however, the amount was insufficient to compensate Plaintiff for her damages. [*Id.* p.2.] Accordingly, Plaintiff sought coverage under her UIM policy with Defendant. [*Id.*] Plaintiff and Defendant were unable to resolve the matter and Plaintiff filed the present lawsuit for UIM benefits, and statutory and common law bad faith. [#7.]

Pursuant to the amended Scheduling Order, affirmative expert disclosures were due on May 25, 2020. [#35.] Plaintiff timely served her affirmative expert disclosures, which included Jeremy Sitcoff on the insurance standard of care. [#46, p.5.] Defendant did not designate affirmative expert witnesses. [*Id.*] Instead, on June 24, 2020, Defendant timely disclosed David S. Werber as a rebuttal insurance-standard-of-care expert. [*Id.*]

Plaintiff brings the Motion requesting the Court strike Werber because he is "an affirmative expert inappropriately and untimely disclosed as a rebuttal expert." [*Id.*] Defendant contends Werber "specifically addresses and rebuts Mr. Sitcoff's opinions and was timely disclosed." [#54, p.2.]

## B. LEGAL PRINCIPLES

The disclosure of expert witnesses is governed by Fed. R. Civ. P. 26(a)(2)(A). The Rule requires "a party [to] disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

Affirmative experts are those who are typically designated by the party who bears the burden of proof on an issue. *Anderson v. Seven Falls Co.*, No. 12-cv-01490-RM-CBS, 2013 WL 3771300, at *6 (D. Colo. July 18, 2013) (citing Advisory Comm. Notes to 1993 Amendments to Fed. R. Civ. P. 26). Rebuttal experts, on the other hand, are those "intended solely to contradict or rebut evidence on the same subject matter identified" by affirmative experts. Fed. R. Civ. P. 26(a)(2)(D)(ii); *E.E.O.C. v. JBS USA, LLC*, No. 10–cv–02103–PAB–KLM, 2013 WL 3302429, at * 6 (D. Colo. July 1, 2013). Rebuttal experts cannot "put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *Spring Creek Expl. & Prod. Co., LLC, v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2016 WL 1597529, at *3 (D. Colo. Apr. 21, 2016) (internal quotation marks omitted). Individuals designated only as rebuttal experts may present limited testimony, may not testify as part of a party's case-in-chief, and cannot testify "unless and until" the testimony they were designated to rebut is given at trial. *Id.* (quoting *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008); *see also Johnson v. Grays Harbor Cmty. Hosp.*, No. C06–5502BHS, 2007 WL 4510313, at *2 (W.D. Wash. Dec. 18, 2007) (finding experts designated as rebuttal witnesses would "be permitted only to offer rebuttal testimony at trial").

In addition to the requirement that rebuttal evidence contradict affirmative evidence, rebuttal evidence must also be directed to the same subject matter covered by the affirmative expert. *Spring Creek Expl. & Prod. Co.,* 2016 WL 1597529, at *3

(citing Fed. R. Civ. P. 26(a)(2)(C)(ii)). The Advisory Committee Notes to Rule 26 do not explain precisely what is meant by "same subject matter." *Id*. However, "expert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports." *Id*. (citing *Boles v. United States,* No. 1:13-cv-489, 2015 WL 1508857, at *2 (M.D.N.C. Apr. 1, 2015).

### C. DISCUSSION

Plaintiff's overarching argument is that Werber's report is an affirmative report masquerading as a rebuttal report. Specifically, Plaintiff argues Defendant disclosed Werber as a rebuttal expert after it missed the affirmative expert deadline. In support of this argument, Plaintiff emphasizes the Scheduling Order where Defendant indicated it anticipated designating an expert witness on the insurance standard of care, and defense counsel's prior statement that Defendant intended to serve expert disclosures. [#46-1, p.1.] Plaintiff also argues Werber's report is an affirmative report because Werber does not expressly say the purpose of his report is to rebut Sitcoff's opinions. But Plaintiff cites no authority for the proposition a rebuttal expert must expressly state his opinions are "in rebuttal' to some other expert's opinions.

The Court has reviewed both Sitcoff's report and Werber's rebuttal report. It is clear Werber's report is intended to contradict evidence on the same subject matter addressed by Sitcoff—*to wit*, whether Defendant acted reasonably and in good faith

4

in handling Plaintiff's UIM claim. Werber's opinions are based on his background and experience as an attorney working with insurance companies and as an author of various legal and insurance-industry-related publications, and are also based on his review of the Complaint and Answer, the parties' disclosures, and deposition transcripts. [#46-4, p.20.] Werber begins his report with a recitation of the history of the underlying motor vehicle accident and UIM claim. Plaintiff argues the material in this portion of the report is improper rebuttal because it could have been, or was, gleaned from documents provided by Defendant instead of from Sitcoff's expert report. However, Fed. R. Civ. P. 26(a)(2)(D)(ii)

> make[s] clear that a rebuttal expert's testimony must relate to and rebut evidence or testimony on the same *subject matter* identified by another party under Rule 26(a)(2)(B) or (C). Such evidence *is not tied to any particular witness*; it is tied to whether the party with the affirmative burden has presented evidence and/or testimony from a duly disclosed expert on the same subject matter as that which will be rebutted by the disclosed rebuttal expert.

*Bleck v. City of Alamosa*, Colo., No. 10–cv–03177–REB–KMT, 2012 WL 695138, at *4 (D. Colo. March 5, 2012) (emphasis added) (citing *Baumann v. Am. Family Mut. Inc. Co.*, 278 F.R.D. 614, 2012 WL 27652, *2 (D. Colo. 2012) and *Morel v. Daimler–Chrysler Corp.*, 259 F.R.D. 17, 21 (D. Puerto Rico 2009)) "It is irrelevant through which expert witness that evidence is elicited; that it actually *be elicited* in the course of Plaintiff's case-in-chief is the determining factor in the context of the admissibility analysis." *Id.* (emphasis in original).

Accordingly, the Court finds this is proper rebuttal as it simply summarizes Werber's understanding of the claim history that formed the basis of his rebuttal opinions. *See Mason v. Am. Family Ins. Co.*, 1:19-cv-01537-PAB-SKC, 2020 WL 5982883, at*4 (D. Colo. Oct. 8, 2020) ("[T]he basis and reasons for the rebuttal opinions is also proper as may be reflected in [the] respective report[ ].") This is particularly true in light of Werber's ultimate opinion that Sitcoff's recitation of the claim history omits several key facts. [#46-4, p.10.] Indeed, throughout the "analysis" portion of his report, Werber notes where Sitcoff omitted items from his claim summary. This further demonstrates the rebuttal-nature of Werber's opinions.[3] [*Id.* pp.10-18.]

Because the Court finds Werber's designation as a rebuttal expert witness was timely and proper, the Motion is DENIED.

Dated: June 21, 2021.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge

---

[3] The Court finds only two areas of Werber's report that are questionable as rebuttal opinions. [*Id.* p.10 (first paragraph under "Analysis") and p.18 (last paragraph).] However, because Werber may only offer rebuttal testimony, any affirmative opinions he might endeavor to offer may be properly objected to at trial.